**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**John Mitchell RAY, Defendant-Appellee.**

**No. 83SA84.**

Supreme Court of Colorado, En Banc.

April 9, 1984.

Robert L. Russel, Dist. Atty., Daniel C. Zook, Deputy Dist. Atty., Robert B. Harward, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

The Murphy Law Firm, John Patrick Michael Murphy, Colorado Springs, for defendant-appellee.

PER CURIAM.

Pursuant to section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8), the People appeal the trial court's decision that Colorado's vehicular homicide statute, section 18–3–106(1)(b)(I), C.R.S.1973 (1983 Supp.), and vehicular assault statute, section 18–3–205(1)(b)(I), C.R.S.1973 (1983 Supp.), are unconstitutional. We reverse.

The defendant was charged in El Paso County District Court with one count of vehicular homicide, two counts of vehicular assault, and two other related crimes not relevant here. The defendant moved to dismiss the vehicular homicide and vehicular assault charges on the grounds that the statutes upon which the charges are based are unconstitutionally vague and deny the defendant equal protection of the laws. The trial court held the statutes unconstitutional because it concluded that they do not require a culpable mental state. The court ruled that in the absence of a mental culpability component the statutes do not comport with due process requirements. The prosecution appealed.

We recently upheld the vehicular homicide and vehicular assault statutes against equal protection and due process challenges in *People v. Rostad*, 669 P.2d 126 (Colo.1983). That opinion addresses the rationale upon which the trial court based its decision in the present case as well as the more extensive due process and equal protection challenges raised by the defendant in the trial court and again on this appeal. No useful purpose would be served by setting forth the defendant's arguments in

detail. We conclude that *Rostad* is dispositive of the issues raised here.[1]

We reverse the trial court's decision and remand this matter to that court for further proceedings.

° **Janet HOWARD, Petitioner,**

v.

**The DISTRICT COURT, COUNTY OF JEFFERSON, Colorado, and The Honorable Winston W. Wolvington, one of the Judges thereof, and The District Court, County of Routt, Colorado, and The Honorable Richard Doucette, one of the Judges thereof, Respondents.**

**No. 83SA165.**

Supreme Court of Colorado,
En Banc.

April 9, 1984.

---

1. *Rostad* held that the statutes are constitutionally sufficient under both the Fourteenth Amendment to the United States Constitution and Article II, section 25 of the Colorado Constitution. In the present case, neither the defendant nor the trial court explicitly designates whether state, federal, or both constitutional

standards are implicated in the challenges and the ruling.